IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Harold Fetzer, | ) | Case No. 1:12-cr-143 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), filed on March 21, 2023. See Doc. No. 80. The Government filed a response in opposition to the motion on March 24, 2023. See Doc. No. 82. For the reasons set forth below, the motion is denied.

I.   **BACKGROUND**

On November 14, 2012, Fetzer pled guilty to one count of sexual exploitation of minors in violation of 18 U.S.C. § 2251(a) and one count of possession of materials involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B). See Doc. No. 20. On April 12, 2013, the Court sentenced Fetzer to 293-months imprisonment, on count 1 and 120-months imprisonment (concurrent), on count two with a lifetime of supervised release on both counts. See Doc. No. 40.

On July 28, 2021, the Court denied Fetzer's first motion for a sentence reduction under the First Step Act. See Doc. No. 55. The Eighth Circuit Court of Appeals affirmed the denial on August 25, 2021. See Doc. No. 60. On March 21, 2023, Fetzer filed a second motion seeking a reduction of sentence and compassionate release under 18 U.S.C. § 3582(c)(1)(A) citing to his and his wife's

health problems and the COVID-19 pandemic as "extraordinary and compelling" reasons for a sentence reduction. See Doc. No. 80. The Government filed a response in opposition to the motion contending Fetzer has failed to provide an appropriate basis for compassionate release. See Doc. No. 82. Fetzer is serving his sentence at FCI Seagoville in Texas. His presumptive release date is June 12, 2033.

## II.    LEGAL DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, it appears Fetzer asked the warden for compassionate release on February 1, 2023. See Doc. No. 80-1. It is undisputed that Fetzer has exhausted his administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification). It should also be noted that the CARES Act does not provide the Court with any expanded authority to grant a motion to

reduce sentence under 18 U.S.C. § 3582(c).  See CARES Act, Pub. L. No. 116-136, 134 Stat 281 (2020).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed.  This all changed when the President signed the First Step Act into law on December 21, 2018.  The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The Sentencing Commission's policy statement can be found at Section 1B1.13 of the 2021 Sentencing Guidelines Manual.  The policy statement requires a finding that a claimant meets three requirements: 1) extraordinary and compelling reasons warrant the reduction; 2) the defendant is not a danger to the community; and 3) the reduction follows the Sentencing Commission's policy statement.  USSG §

1B1.13. However, the policy statement pertains to the old law rather than the new law and thus is of questionable applicability. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does not control the district court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction.).

The Application Note to U.S.S.G. § 1B1.13 provides as follows:

1. **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) **Medical Condition of the Defendant**.--

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is–

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

      (C) **Family Circumstances**.--

            (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

            (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

      (D) **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons**.--A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

    This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5. **Application of Subdivision (3)**.--Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See USSG § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021). The case law offers very little guidance on what constitutes "extraordinary and compelling reasons" warranting a sentence reduction as the First Step Act is a recent enactment and the previous law only permitted the BOP to seek such relief, and it rarely did so. United States v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019). The common legal definition of extraordinary is "beyond what is usual, customary, regular, or common" while a compelling need is defined as "so great that irreparable harm or injustice would result if [the relief] is not [granted]." Id. (quoting Black's Law Dictionary).

Fetzer is 78 years of age and has approximately 120 months left on his 293-month sentence. His presumptive release date is June 12, 2033. At sentencing, Fetzer was found to have a criminal history category I. His advisory Sentencing Guideline range was 235 – 293 months imprisonment.

Fetzer's primary contention is that the ongoing COVID-19 pandemic along with his health problems constitute an extraordinary and compelling circumstances which warrant a sentence reduction. Fetzer also cites his wife's declining health as a reason for a sentence reduction. However, the Court was informed of Fetzer and his family's health conditions prior to sentencing. See Doc. No. 28, ¶¶ 63 and 91. Fetzer's health problems are not so severe he cannot care for himself in a prison setting.

The COVID-19 pandemic, which poses a threat to every person in the country, does not, in and of itself, provide a basis for a sentence reduction. As the Third Circuit Court of Appeals commented, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). In *United States v. Gater*, the Eighth Circuit Court of Appeals found the district court did not misapply Section 3582(c)(1)(A) or abuse its discretion in denying the defendant's motion for compassionate release due to COVID-19. No. 20-2158, slip op. at 4 (8th Cir. May 24, 2021). The Eighth Circuit stated:

> "The substance of the district court's order demonstrates that the court found Gater did not have any 'major' medical issues and the mere possibility of contracting COVID-19 in prison, alone, without a showing that the BOP is unwilling or unable to guard against or treat the infection does not meet the extraordinary or compelling standard to warrant a sentence reduction."

Id. The defendant in *Gater* disagreed with the district court's analysis that COVID-19 is not an extraordinary and compelling reason to warrant a sentence reduction. The Eighth Circuit noted Gater's care level in prison "demonstrates no particularized susceptibility to COVID-19. Id. See also, United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021) (noting "[f]ear of COVID doesn't automatically entitle a prisoner to release" and affirming denial of compassionate release request to otherwise healthy defendant who had two, well-controlled, chronic medical conditions). The threat of contracting COVID-19 in the prison environment "is not by itself sufficient reason to modify a lawfully imposed prison sentence." United States v. Marcussen, 15 F.4th 855, 858 (8th Cir. 2021).

District courts have concluded similarly. See United States v. Eberhart, Case No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (A general concern about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence).

This does not mean that COVID-19 is not relevant to the Court's totality of circumstances analysis when considering a motion for reduction of sentence. All factors must be considered. COVID-19 is an extremely dangerous illness. It has caused more than **1,100,000** deaths in the United States to date along with severe societal and economic disruption. In response to the pandemic, the BOP has taken significant measures to protect the health of the inmates in its charge including working with the United States Centers for Disease Control to minimize the risk of COVID-19 transmission with its facilities. The risk of infection is very real, both within BOP facilities and in society in general. Release from prison does not abate the risk.

While sympathetic to Fetzer's concerns regarding the presence of COVID-19 in the federal prison system, the Court does not find that his circumstances clear the high bar necessary to warrant a sentence reduction. Fetzer's situation is not unique and does not rise to the level of "extraordinary and compelling reasons" as contemplated by Section 3582(c)(1)(A)(i). Fetzer has been vaccinated against COVID-19. The COVID-19 vaccines have been shown to be highly effective in preventing severe disease, especially amongst older persons. The Court has carefully reviewed the entire record and concludes Fetzer has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

In addition, the Court concludes the Section 3553(a) factors weigh against any sentence reduction. Fetzer's offenses are serious, including the sexual exploitation of minors and possession of child pornography. The Court concludes Fetzer has failed to sustain his burden of proof to demonstrate an "extraordinary and compelling reason" that would warrant a sentence reduction.

III.   **CONCLUSION**

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 80) is **DENIED**.

   **IT IS SO ORDERED**.

Dated this 15th day of August, 2023.

                                        */s/ Daniel L. Hovland*
                                        Daniel L. Hovland, District Judge
                                        United States District Court